UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Care Environmental Corporation,

                    Plaintiff,                CV-05-1600 (CPS)

      - against -                             MEMORANDUM OPINION
                                              AND ORDER
M2 Technologies Inc., et al,

                    Defendants.

----------------------------------------X

SIFTON, Senior Judge.

      Plaintiff, Care Environmental Corporation ("Care"), invokes

this Court's diversity jurisdiction to bring this action against

M2 Technologies Inc., ("M2"), Dragon Chemical Corporation

("Dragon"), Burlington Bio-medical Corporation ("Burlington")

(collectively the "corporate defendants"), against Frank

Monteleone, Dominick Sartorio and Roger Brown (collectively the

"individual defendants") and against CMB Additives, LLC ("CMB").

Plaintiff's amended complaint alleges twelve claims for relief

against defendants, both individually and collectively. Claims

One through Five seek judgment against the corporate defendants

for breach of contract (count one), services sold and delivered

(count two), quantum meruit (count three), account stated (count

four), and common law fraud (count five). Count Six alleges a

claim against CMB based on successor liability. Counts Seven and

Eight seek to pierce the corporate veil and impute corporate

liability to the individual defendants. Claims nine through

eleven seek recovery against the individual and corporate
defendants under New York Debtor & Creditor Laws §§276, 275, and
273, respectively. Now before this Court is defendants' appeal of
the Magistrate Judge's Order compelling discovery and plaintiff's
motion for attorney's fees. For the reasons set forth below the
Magistrate's Order is affirmed and the plaintiff's motion for
attorneys fees is denied.

BACKGROUND

Familiarity with the underlying facts of this case is
presumed. Only those facts relevant to the present motion are
discussed. Disputes are noted.

In November 2005 plaintiff's counsel served defense counsel
with an Initial Request for the Production of Documents
("Request"). On January 3, 2006 defense counsel served
plaintiff's counsel with its response and objections to the
Request, as they related to the breach of contract claims.[1] On
January 18, 2006 this Court issued a decision granting in part
and denying in part defendants' motion to dismiss specifically
the parts of the motion addressed to certain claims of fraud.
Thereafter plaintiff's counsel asked defense counsel to produce
other documents called for by the Request. Defense counsel
refused to respond prior to February 7, a date fixed by the

---

[1] Discovery with regard to the claims which were the subject of a
pending motion to dismiss was deferred pending a decision on the motion to
dismiss.

Magistrate Judge for the completion of discovery.

On January 23 defense counsel sent an e-mail to plaintiff's counsel to set up a time to meet and confer[2] about defendants' objections to the discovery.

On January 30 the parties participated in a conference with Judge Matsumoto at which she ordered, in relevant part, that, "[t]he parties shall meet and confer in good faith regarding any discovery disputes as soon as possible after 2/6/06."

On February 7, defendants served plaintiff's counsel with the remainder of their responses and objections to the Request. Plaintiff was dissatisfied with defendants' response and objections since defendants produced almost no new documents and declined to produce documents related to the fraud claims on grounds such as attorney-client privilege, confidential commercial information, and on the ground that the requests were not calculated to lead to admissible evidence and were intended to harass, annoy or embarrass.

Thereafter, on February 14, 2006 plaintiff made a motion to compel discovery before Magistrate Judge Matsumoto. Defendants did not respond to the motion.

On March 1 the parties exchanged e-mails concerning the

_____

[2] Pursuant to Federal Rule of Civil Procedure 37(a)(2), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."

scheduling of a time to meet and confer about defendants'
discovery objections.

According to the plaintiff on March 2 it had a two hour
substantive conversation with defendants about defendants'
discovery objection.

According to the defendants on March 10 the parties met and
conferred about defendants' discovery objections. That same day
the parties spoke with the Magistrate. During that conversation
the defendants contended for the first time that plaintiff's
motion to compel should be denied because plaintiff had not
satisfied the requirements of Rule 37(a)(2)(a). That same day,
the Magistrate ruled on the motion, stating:

> Upon review of the plaintiff's unopposed motion seeking
> an order compelling defendants to respond to
> plaintiff's document demands, and upon a determination
> that the documents sought by the plaintiff are relevant
> to the claims and defenses in this cation and that
> defendants have failed to establish that the documents
> are privileged and/or that a protective order is
> warranted, and upon the representation by plaintiff's
> counsel that defendant's counsel was duly served by
> Federal Express with plaintiff's motion to compel, the
> court granted plaintiff's motion to compel.

By letter motion dated March 24, 2006 defendants appealed the
Magistrate's order on the grounds that the parties did not "meet
and confer" concerning the discovery disputes, as required by
both the Federal Rule of Civil Procedure 37(a)(2)(A) and the
Magistrate's January 30th Order. On April 3, 2006 plaintiff
responded to defendants' appeal and requested sanctions in the

form of the attorneys fees.

On April 7, 2006 I issued an Order to Show Cause why defendants' motion to set aside the Magistrate's Order should not be granted.

On April 24, 2006 defendant filed papers in response to the Order to Show Cause. On April 26, plaintiff filed papers in response to the Order to Show Cause. By letter dated April 27, 2006 defense counsel complained that the plaintiff's papers were submitted after the deadline set in my order and requested that plaintiff's papers be struck.[3]

## DISCUSSION

Under Fed.R.Civ.P. 72(a) ("Rule 72(a)") and 28 U.S.C. 636(b)(1)(a), the Court should only set aside or modify a magistrate judge's pre-trial, non-dispositive ruling only when it is "clearly erroneous or contrary to law." *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Products of Cal., Inc. v. Constr. Laborers Pension Trust for South. Cal.,* 508 U.S. 602, 622 (1993) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 395

---

[3] Because nothing contained in plaintiff's late Reply is dispositive of this motion, I need not decide whether it should be struck.

(1948)). An order may be deemed contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.,* 92 F.Supp.2d 70, 74 (N.D.N.Y.2000) (citation and internal quotations omitted). Magistrate judges have broad discretion in resolving nondispositive matters, and a party seeking to overturn a discovery order bears a heavy burden. *See Sara Lee,* 900 F.2d at 525; *Gorman v. Polar Electro, Inc.,* 124 F.Supp.2d 148, 150 (E.D.N.Y.2000). Because defendant's appeal of the Magistrate's Order addresses a nondispositive discovery issue, the Court applies this deferential standard of review.

In the present case, defendants argue that the Magistrate's ruling was clearly erroneous because plaintiff had not certified that it had a "meet and confer" with the defendants prior to filing its letter-motion[4] to compel, as required by Federal Rule of Civil Procedure 37.[5]

---

[4] Defendant argues that plaintiff improperly filed its motion to compel as a letter motion when such motion should have been filed as a formal motion "supported by a memorandum of law, setting forth the points and authorities relied upon" pursuant to Local Rule 7.1. However, Local Rule 7.1 applies only "except as otherwise permitted by the court." In the present case, the individual rules of Magistrate Matsumoto permit otherwise. Thus, pursuant to Rule IV(A) of the Magistrate's rules "[d]iscovery or other non-dispositive motions may be made by letter motion pursuant to Local Civil Rules 37.1 and 37.3." Thus, plaintiff properly made its motion by letter motion.

[5] Defendant's also argue that the Magistrate granted the motion to compel "despite the fact that defendants timely objected to the demands." However, the Magistrate's order clearly does not compel production because defendants failed to make timely objections, but rather compels production because the Magistrate rejected the validity of those timely objections. Accordingly, the contention that defendants' objections were timely is of no significance.

Federal Rule of Civil Procedure 37(a)(2)(A) provides, in pertinent part:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

"Confer" means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining, without regard to technical interpretation of the language of a request, (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention. *Big Apple Pyrotechnics v. Sparktacular Inc,*. 2006 WL 587331, *1 (S.D.N.Y. 2006). "Courts have excused a failure to meet and confer where: (1) under the circumstances, the parties do not have time to attempt to reach an agreement; or (2) an attempt to compromise would have been clearly futile." *Yoon v. Celebrity Cruises, Inc.,* 1999 WL 135222, *6 (S.D.N.Y. 1999)(quoting *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.,* No. 96 Civ. 7590, 1998 WL 67672, at *3 (S.D.N.Y. 1999).

Judge Matsumoto's ruling was not clearly erroneous. Both sides agree that they did in fact meet and confer (whether as plaintiff alleges on March 2 or as defendants allege on March 10)

prior to the issuance of her Order. Rule 37's purpose is to
require parties to "make a genuine effort to resolve the dispute"
before resorting to a court's involvement. *See Tri-Star Pictures,
Inc. v. Unger,* 171 F.R.D. 94, 99 (S.D.N.Y.  1997). The "meet-and-
confer" requirement "embodies a policy of encouraging voluntary
resolution of pretrial disputes, in the interest of judicial and
client economy and effective processing of cases." *Avent v.
Solfaro*, 210 F.R.D. 91, 95 (S.D.N.Y. 2002)*(citations omitted)*.
Thus, if the parties did meet and confer, they have satisfied
Rule 37's purpose even if the plaintiff does not submit a proper
certification. *Matsushita Elec. Corp. of America v. 212 Copiers
Corp.*, 1996 WL 87245, *1 (S.D.N.Y. 1996) (granting plaintiff's
motion to compel discovery despite the fact that plaintiff had
not submitted the required certification where it was clear that
plaintiff had a factual basis on which to submit the
certification). Moreover, because the remedy when a plaintiff has
not submitted a certification is to deny the motion without
prejudice, see e.g. *Avent v. Safaro*, 210 F.R.D. 91, 95 (S.D.N.Y.
2002), had the Magistrate dismissed plaintiff's motion on this
ground, plaintiff could have and presumably would have refiled
the motion with the proper certification since the plaintiff had
in that time in fact met and conferred with the defendant.
Because it would have been a waste of judicial resources and the
time of all involved to deny the motion only to have it

immediately refiled, the Magistrate was not clearly erroneous in choosing to grant the motion. Accordingly, the Magistrate's Order compelling discovery is affirmed.

Sanctions

Plaintiff argues that in filing their objection to the Magistrate's Order with this Court, the defendants deliberately withheld relevant information from the Court, namely that defendants had not opposed plaintiff's motion to compel. Plaintiff argues that this omission constitutes a violation of defense counsel's "duty of candor to the Court" and demonstrates that defendants have acted in bad faith in filing this appeal. However, defendant has attached the actual text of the Magistrate Judge's Order specifying that she was ruling on a "unopposed motion." Accordingly, the defendants did not withhold the information from the Court, and no sanctions or attorney's fees are appropriate on this ground.

Plaintiff also argues that defendant misrepresented the fact that the meet and confer requirements of Rule 37 have not been met. While I do not find that the Magistrate's Order granting the motion to compel was clearly erroneous, defendants' had a reasonable argument that plaintiff had not met the requirements of Rule 37 because it did not file a certification indicating that it had met and conferred with the defendants. Moreover, while the Magistrate may reasonably have found that any attempt

to meet and confer would have been futile, the fact that defense counsel did exchange e-mails with plaintiff's counsel attempting to arrange a meet and confer supports the argument that it might not have been futile. Accordingly, while defendants ultimately have not prevailed on their appeal, they did not misrepresent the facts in arguing that plaintiff had not certified that a meet and confer had occurred. Rather, defendants properly presented their version of events. Accordingly, no sanctions or attorneys fees are appropriate on this ground.

CONCLUSION

For the reasons set forth above the Magistrate's Order compelling discovery is affirmed and plaintiff's motion for attorney's fees is denied.

The Clerk is directed to transmit a filed copy of the within to the parties and the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York

May 30, 2006

By: /s/ Charles P. Sifton (electronically signed)
    United States District Judge