UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Care Environmental Corporation,

                 Plaintiff,           CV-05-1600 (CPS)

  - against -                   MEMORANDUM OPINION
                                             AND ORDER
M2 Technologies Inc., et al,

                 Defendants.

----------------------------------------X

SIFTON, Senior Judge.

Defendants, M2 Technologies Inc., ("M2"), Dragon Chemical Corporation ("Dragon"), Burlington Bio-medical Corporation ("Burlington") (collectively the "corporate defendants"), Frank Monteleone, Dominick Sartorio and Roger Brown (collectively the "individual defendants") and CMB Additives, LLC ("CMB"), seeks reconsideration of the Court's denial of their motion to dismiss Counts Nine, Ten and Eleven of the Complaint. For the reasons set forth below the defendant's motion for reconsideration is denied.

## BACKGROUND

Familiarity with the underlying facts of this case is presumed as they are discussed at length in the Court's prior decision in *Care Environmental Corp. v. M2 Technologies*, 2006 WL 148913 E.D.N.Y. Jan. 18, 2006). Only those facts relevant to the present motion are repeated.

By amended complaint dated September 27, 2005, plaintiff alleged fourteen claims for relief against defendants, both

individually and collectively. The first claim sought a declaratory judgment pursuant to 28 U.S.C. §2202 *et seq.* against the corporate defendants declaring that plaintiff had no further obligation with respect to the removal of certain hazardous waste, and a preliminary injunction compelling corporate defendants to take possession of, and dispose of, the hazardous waste. Claims two through seven sought judgment against the corporate defendants for fraudulent misrepresentation (count two), breach of contract (count three), services sold and delivered (count four), quantum meruit (count five), book account (count six), and account stated (count seven). The eighth claim for relief alleged common law fraud against the corporate and individual defendants. Claims nine through eleven sought recovery against the individual and corporate defendants under New York Debtor & Creditor Laws §§276, 275, and 273. Claim twelve sought relief against CMB and the corporate defendants for the debts and obligations with respect to the removal of hazardous waste created by M2 on a theory of successor liability. Claims thirteen and fourteen sought to pierce the corporate veil and impute corporate liability to the individual defendants.

On November 11, 2005 defendants made a motion to dismiss various counts of the amended complaint. Specifically, defendants sought to (1) dismiss counts one through twelve as against defendant Burlington; (2) to dismiss counts two, eight, nine,

eleven and twelve as against defendants M2 and Dragon; (3) to dismiss count twelve against defendant CMB; and (4) to dismiss counts eight, nine, ten, eleven, thirteen and fourteen against the individual defendants.

In regard to the ninth, tenth and eleventh counts, the counts based on a theory of "fraudulent conveyance," the defendants argued that the counts must be dismissed because the plaintiff had failed to allege that M2 conveyed assets to a third party (in order to avoid its obligations to the plaintiff) as required by New York Debtor and Creditor Law §273, 275 and 276.[1]

By Memorandum Opinion and Order dated January 18, 2006 I declined to dismiss the ninth, tenth and eleventh Counts of the Complaint because I found that plaintiffs had alleged that "M2 Technologies transferred all or substantially all of its assets

---

[1] New York Debtor and Creditor Law §273 provides that:

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration. DCL §273(McKinney 2006).

New York Debtor and Creditor Law §275 provides that:

Every conveyance made and every obligation incurred without fair consieration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as ot both present and future creditors. DCL §275 (McKinney 2006).

New York Debtor and Creditor Law §276 provides that:

Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors is fraudulent as to both present and future creditors. DCL §276 (McKinney 2006).

to CMB." Am. Compt. ¶104. I did dismiss counts two, six, eight (as against the individual defendants), thirteen and fourteen and directed that any amended complaint allowed by the decision be filed within thirty days.

## DISCUSSION

A motion for reconsideration is proper when the court has overlooked matters or controlling decisions that, if considered, would mandate a different result. *Royal Ins. Co. of America v. Harbor Shuttle, Inc.*, 1999 WL 33236523, *4 (E.D.N.Y. 1999); *see Allendale Mutual Ins. Co. v. Excess Ins. Co.*, 992 F. Supp. 271 (S.D.N.Y. 1997); *see also Farkas v. Ellis,* 979 F.2d 845 (2d Cir. 1992); Local Rule 6.3.

Defendants argue that the Court should have dismissed counts nine, ten and eleven because although the Complaint contained an allegation that M2 transferred its assets to a third party, the allegation appeared as part of count twelve and was not incorporated into counts nine, ten and eleven. Defendants also argue, for the first time, that counts nine through eleven improperly request monetary damages and that the only relief available to plaintiff is to set aside the transfer.

Plaintiff responds that even if the factual allegations in counts nine through eleven are deficient and even if the appropriate remedy is to set aside the fraudulent transfer that plaintiffs have addressed defendants' concerns in the second

amended complaint. First, plaintiff has moved the claim for successor liability (previously count twelve, now count six) so that the allegation that M2 transferred its assets to CMB precedes the DCL counts (still designated counts nine, ten and eleven), and is, accordingly, incorporated by reference into the DCL Counts. Plaintiff has also added a paragraph to each of the DCL Counts explicitly pleading that M2 transferred its assets to CMB in order to defraud the plaintiff. Finally, plaintiff has altered it requested relief for counts nine, ten and eleven to include "setting aside the fraudulent conveyance of M2 Technologies' assets."

Defendants implicitly concede that plaintiff's amendments rectify the complaint's alleged deficiencies. However, the defendants argue that the plaintiff cannot cure the deficiencies through the second amended complaint because the Court did not grant plaintiff permission to amend those claims, pursuant to Federal Rule of Civil Procedure 15(a). However, a second amended complaint may be considered even if amended without leave of the court if the amendment would have been permitted under Federal Rule of Civil Procedure 15(a). *Jeffery v. Cross Country Bank*, 131 F.Supp2d 1067, 1070 (E.D.Wisc. 2001); *see also, Hunter v. Henderson*, 2006 WL 27887 (D.Kan. 2006).

Federal Rule of Civil Procedure 15(a) provides in relevant part that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar after is it served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

A court should grant leave to amend absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Williams v. Brooklyn Union Gas Co.*, 819 F. Supp. 214, 223 (E.D.N.Y. 1993). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993); *see also Reubens v. New York City Dep't of Juvenile Justice*, 930 F. Supp.

While plaintiff offers no reason for failing to assert as part of counts nine, ten and eleven that M2 transferred its assets to CMB, or for requesting that the transfer be set aside there is no suggestion that this delay was motivated by bad faith as opposed to oversight, that the addition of the factual allegations at this point would prejudice defendants in any

respect,[2] or that amendment would be futile. Since plaintiff would have prevailed on a motion to amend its complaint, its amendments, though filed without permission, are not stricken. Because to the extent defendants were correct about any alleged deficiencies in the complaint those deficiencies have now been corrected, defendants' motion for reconsideration is denied.

CONCLUSION

For the reasons set forth above defendants' motion for reconsideration is denied.

The Clerk is directed to furnish a filed copy of the within to the parties and the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          July 10, 2006

                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge

---

[2] In fact, if I had dismissed Counts Nine, Ten and Eleven based on placement of the transfer allegation in Count Twelve, but not in Counts Nine through Eleven, I would have granted plaintiff's leave to amend in order to incorporate the transfer allegation from Count Twelve into Counts Nine through Eleven. Plaintiffs would presumably then have amended the complaint in the same manner as they have now already done. Accordingly, defendants are currently in the same position as they would have been had I initially granted their motion to dismiss Counts Nine through Eleven.